UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEAD CAPITAL, LLC,

    Supplemental Plaintiff,

v.                              Case No. 8:24-cv-2974-VMC-LSG

JAY WESTERDAL,

    Supplemental Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Supplemental Plaintiff Lead Capital, LLC's Motion to Remand (Doc. # 11), filed on January 9, 2025. Supplemental Defendant Jay Westerdal responded on January 23, 2025. (Doc. # 16). Lead Capital filed a reply on January 31, 2025. (Doc. # 20). For the reasons that follow, the Motion is granted, and the case is remanded to state court.

**I.   Background**

This case involves a post-judgment supplemental complaint filed in a proceeding supplementary by judgment creditor and Supplemental Plaintiff, Lead Capital. Lead Capital seeks to pierce the corporate veil of Westerdalcorp, LLC, to hold its member, Supplemental Defendant Jay Westerdal, liable for the underlying judgment. See (Doc. # 1-

1) (the supplemental complaint asserting one count of "piercing the corporate veil" against Westerdal).

Westerdal removed the case to federal court on the basis of diversity jurisdiction. (Doc. # 1). Now, Lead Capital moves to remand, insisting that removal was improper because this is a supplementary proceeding. (Doc. # 11). Westerdal has responded (Doc. # 16), Lead Capital has replied (Doc. # 20), and the Motion is ripe for review.

## II. Discussion

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). 28 U.S.C. § 1441(a) provides that "any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). If a case is not a civil action over which the Court has subject matter jurisdiction, the "case shall be remanded." See Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). Courts "strictly construe[] the right to remove and apply a general presumption against the exercise

of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013) (citation and internal quotation marks omitted).

Here, the supplemental complaint is part of a supplemental proceeding. Florida Statute § 56.29 outlines the procedure for such proceedings supplementary. Fla. Stat. § 56.29. According to Lead Capital, "[r]emand is appropriate because proceedings supplementary are ancillary actions that must be brought in the same court for which judgment was entered, because supplementary proceedings are not 'civil actions' for which federal courts have jurisdiction, and because this court would not have original jurisdiction over a proceeding supplementary in a state court action." (Doc. # 11 at 1).

True, the Eleventh Circuit has opined that certain supplementary proceedings are independent civil actions: "The supplementary proceeding here is an independent civil action because it seeks to impose new liability on new parties founded on wholly new legal theories and based on a completely different factual matrix." Jackson-Platts v. Gen. Elec. Cap. Corp., 727 F.3d 1127, 1131 (11th Cir. 2013). But this Court agrees with the court in Katzman v. Comprehensive Care Corp.,

3

No. 8:17-cv-2107-SDM-AEP, 2017 WL 4944802 (M.D. Fla. Nov. 1, 2017), that this language from Jackson-Platts is dicta. Jackson-Platts "holds only that the district court abused its discretion in abstaining and remanding under Colorado River." Id. at *5. "Stated differently, Jackson-Platts never resolved, never evaluated, and never mentioned the controlling question inescapably lodged in the requirement of 'original jurisdiction': Can a state-court judgment creditor directly file a motion and an affidavit in the district court to invoke the remedies of Section 56.29?" Id.

The Court agrees with Lead Capital and the reasoning of Katzman. "A proceeding supplemental exists only because some action to which it attaches has already occurred. By its very nature, it is not an independent action that could have been filed in federal court." Blue Cross & Blue Shield of Fla., Inc. v. Adcahb Med. Coverages, Inc., No. 3:17-cv-865-BJD-PDB, 2018 WL 3599009, at *3 (M.D. Fla. Mar. 13, 2018). "Under Florida law, a supplemental proceeding under Section 56.29 amounts to nothing more than a summary equitable procedure through which a successful plaintiff can discover the judgment debtor's assets and levy on those assets without resort to a second litigation in a different forum." Katzman, 2017 WL 4944802, at *3.

4

Importantly, "a supplemental proceeding under Section 56.29 must begin in the court that entered judgment." Id. at *6; see also Est. of Jackson v. Ventas Realty, Ltd. P'ship, 812 F. Supp. 2d 1306, 1311 (M.D. Fla. 2011) ("A Section 56.29 [] supplemental proceeding in federal court to enforce a state court judgment against an impleaded party would grossly transgress the purpose and structure of Section 56.29."). That is, because the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County entered the judgment, Lead Capital "could begin the supplemental proceeding only in the" Circuit Court for Sarasota County. Katzman, 2017 WL 4944802 at *6. "Because [Lead Capital] could not begin in federal court a supplemental proceeding to enforce the state-court judgment, [28 U.S.C. § 1441] precludes removal." Katzman, 2017 WL 4944802 at *6; see also MCS of Tampa, Inc. v. Snyder, et al., 8:24-cv-608-WFJ-CPT at (Doc. # 10) (M.D. Fla. Apr. 8, 2024) (remanding supplemental proceeding based on the reasoning of Katzman and Est. of Jackson). The Motion is granted, and this case shall be remanded.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Supplemental Plaintiff Lead Capital, LLC's Motion to Remand (Doc. # 11) is **GRANTED.**

5

(2) The Clerk is directed to **REMAND** this case to state court and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of February, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE